**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AYYAKKANNU MANIVANNAN,**

      **Plaintiff,**

**v.**                                                          **Civil Action No.: 1:17cv216
(Judge Keeley)**

**DR. GRACE BOCHENEK**
*Director, National Energy Technology Laboratory*

**ORDER GRANTING MOTION TO SUBSTITUTE THE UNITED STATES (ECF NO. 2) AND REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF PLAINTIFF'S COMPLAINT**

This matter before the Court is pursuant to the United States of America's "Motion to Dismiss" (ECF No. 6) filed on December 27, 2017. District Court Judge Irene M. Keeley entered an order on December 14, 2017, referring to the undersigned, any motions filed in this case for written orders or report and recommendations. (ECF No. 4).

**I. Procedural/Relevant History**

On April 5, 2017, Plaintiff Ayyakkannu Manivannan, filed a *pro se* Complaint in the Magistrate Court of Monongalia County, West Virginia, against Defendant, Dr. Grace Bochenek, Director of National Energy Technology Laboratory. In the Complaint, Plaintiff solely requests the Court to "[h]elp [him] retrieve [his] personal belongings in [his] former office. (ECF No. 1-1). Believing Plaintiff was alleging tortious conduct on behalf of an employee of the United States, the Attorney General for the Northern District of West Virginia, provided the Court with a copy of the Certification of Scope of Employment, certifying that Dr. Bochenek was acting within the scope of her employment at the time of the incident alleged in the Complaint, and

filed a Notice of Removal to the Northern District of West Virginia. (ECF No. 1). On the same date the United States filed a motion to substitute the United States as Defendant.

Approximately two weeks after filing the Notice of Removal, the United States filed the pending motion to dismiss (ECF No. 6). The undersigned held a hearing on the pending motion to dismiss on February 8, 2018.

## II. Defendant's Motion to Dismiss

Defendant moved that Plaintiff's Complaint be dismissed asserting that claims against the United States for money damages or for loss of property caused by the negligent or wrongful act or omission of any federal employee comes within the provisions of the Federal Torts Claim Act (hereinafter "FTCA"), which requires a plaintiff to exhaust his administrative remedies prior to filing suit. Defendant argues that because Plaintiff failed to exhaust his administrative remedies, this Court lacks subject matter jurisdiction and Plaintiff's case should be dismissed.

## III. Plaintiff's Response

In response, Plaintiff asserts that from the middle of June 2016, the time when he initially requested the return of his personal belongings, to date, the Department of Energy (DOE), National Energy Technology Laboratory (NETL) has failed to return his property, and at no point in time did the DOE/NETL inform him that his request required him to complete a SF-95 form (the government's standard form for a claim for damage, injury, or death). Plaintiff further asserts that although the DOE/NETL has claimed to have returned his property, DOE/NETL has failed to provide any evidence that the requested property was in fact returned, explaining NETL failed to respond to Plaintiff's former attorney's requests for return of Plaintiff's property, NETL failed to inform Plaintiff's attorney that it inventoried Plaintiff's office on August 31, 2016, and

NETL failed to answer Plaintiff's FOIA request regarding his belongings. Based on these facts, Plaintiff requests the Court not to dismiss his case.

## IV. Discussion

### A. Substitution of the United States

As an initial matter, On December 14, 2017, the United States Attorney for the Northern District of West Virginia removed this action from the Magistrate Court of Monongalia County, West Virginia, under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346; 2672-80. Pursuant to the FTCA, the United States is the only proper Defendant in an FTCA action, not a government agency or government employee. "[O]nce the United States Attorney certifies that the federal employee acted within the scope of his employment, the plaintiff properly can proceed only against the United States as a defendant." Osborne v. Haley, 549 U.S. 225, 238 (2007) (quoting 28 U.S.C. § 2679(d)(2)). On December 14, 2017, the United States provided to the court certification that Defendant Bochenek was acting within the scope of her employment at the time of the incident alleged in the Complaint. Accordingly, pursuant to the provisions of the FTCA, it is

**ORDERED** that the United States is substituted as the Defendant in place of Dr. Grace M. Bochenek, it is further

**ORDERED** that the caption of this action shall be amended to reflect the addition of the United States of America as a party Defendant, and it is further

**ORDERED** that all claims against Dr. Bochenek be dismissed.

### B. Motion to Dismiss Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of subject-matter jurisdiction. The burden of proving subject matter jurisdiction is on the

plaintiff. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Richmond Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To help determine whether jurisdiction exists, courts must look to the plaintiff's allegations as mere evidence on the issue, and may consider evidence outside the pleadings. Richmond, 945 F.2d at 768; Adams v. Baia, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Richmond, 945 F.2d at 768.

**C. Subject Matter Jurisdiction**

Section 2 of Article 3 of the Constitution of the United States extends judicial power "to Controversies to which the United States shall be a Party." Principality of Monaco v. State of Mississippi, 292 U.S. 313 (1934). However, the provision does not authorize the maintenance of suits against the United States, as its sovereign immunity is embodied in the Eleventh Amendment. Id. Therefore, the United States is immune from all suits against it absent an express waiver of its immunity. Welch v. United States, 409 F.3d 646, 650–51 (4th Cir. 2005) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). The United States' sovereign immunity must be unequivocally expressed in statutory text, and the plaintiff has the burden of showing that an unequivocal waiver of sovereign immunity exists. Lane v. Pena, 518 U.S. 187, 192 (1996); Welch, 409 F.3d at 651 (citing Williams v United States, 50 F.3d 299, 304 (4th Cir. 1995). The claim must be dismissed if the plaintiff fails to meet this burden. Welch, 409 F.3d at 651(citing Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

In his complaint, Plaintiff's sole request is for help to retrieve his personal belongings in his former workplace. Plaintiff provided the court with an itemized list showing the cost of several of the items, but indicated he was unable to put "a price value on, either intangibles

4

(scientific ideas) or tangible objects that are irreplaceable." (ECF No. 8-1).  Because Plaintiff is proceeding *pro se*, the court must liberally construe his pleadings and hold the complaint to less stringent standards than applied to pleadings prepared by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97 (1976)) (internal quotation marks omitted).  Therefore, as discussed below, the undersigned will view Plaintiff's complaint as alleging two theories of relief: monetary relief or injunctive relief.

### 1. Monetary Relief Pursuant to the Federal Tort Claims Act

To the extent plaintiff seeks monetary compensation for the items left in his former office, such claims are governed by the Federal Tort Claims Act (FTCA).  The FTCA effects a limited waiver of the United States' sovereign immunity. The FTCA subjects the United States to liability for tortious conduct of its employees.  28 U.S.C.A. §2674 (West).  Pursuant to its provisions, the government may be held liable for injury to or loss of property caused by the negligent or wrongful act or omission of any government employee acting within the scope of his or her employment.  Id.  Under the Act, injunctive relief is not available.  Rather, an award is limited to compensatory money damages.  Id.  However, prior to suing the United States, the plaintiff must first give the appropriate federal agency the opportunity to resolve the claim.  Id. The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  Additionally, "[a] tort claim against the United States shall be *forever barred* unless it is presented in writing to the appropriate Federal agency within *two years* after

such claim accrues or unless action is begun within six months after" the agency mails notice of denial of the claim. Id. § 2401(b) (emphasis added).

During the hearing and in his response, Plaintiff stated that he requested return of his property in several different ways, i.e., by phone personally, by letter to the Director, by his former attorney, and by the Sherriff. (ECF No. 9 at 1). He also stated that NETL never indicated or advised him, in any manner, that his requests required a SF-95 form. Id. While written notice of the administrative tort claim must be presented to the appropriate government agency, and the standard method of notice is by the SF-95 form, use of the SF-95 form is not mandatory. Any written notice that contains the required elements of notice to the agency will suffice. See William v. United States, 693 F.2d 555 (5th Cir. 1982) (stating the form is not important "as long as the agency is somehow informed of the fact and amount of the claim within the two year period prescribed by § 2401(b)"). Plaintiff's phone calls and letters are an obvious effort to start dialogue with NETL regarding the matter. However, the communications did not include a claim for a sum certain. Moreover, Defendant, under penalty of perjury, provided a signed declaration to the Court stating it had no record of an administrative tort claim filed against the United States by Plaintiff. Because Plaintiff has not presented an administrative claim to the Department of Energy, National Energy Technology Laboratory, the appropriate agency, nor has the Department of Energy, National Energy Technology Laboratory denied such a claim, if Plaintiff seeks monetary damages, the Court must dismiss Plaintiff's case against the United States for lack of subject matter jurisdiction.

### 2. Injunctive Relief Pursuant to the Administrative Procedure Act

To the extent that Plaintiff's complaint could be read as a request for injunctive relief in the form of the return of his property, the FTCA would not be an adequate remedy, supra IV.C.

Neither would Plaintiff be permitted to seek injunctive relief pursuant to § 702 of the Administrative Procedure Act (APA). The statute reads:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that any agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in officer, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C.A § 702. While persons may seek injunctive relief under § 702, as the statute provides both a cause of action and a waiver of sovereign immunity, the statute is limited to claims in which a plaintiff has suffered "a legal wrong because of agency action, or [been] adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. The term "agency action" is defined as "includ[ing] the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). To obtain review under § 702, a plaintiff must (1) identify some "final agency action" to be reviewed[1], and (2) "show that he has 'suffered legal wrong' because of the challenged agency action, or is 'adversely affected or aggrieved' by that action 'within the meaning of a relevant statute.'" Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 872 (1990). To be a "final agency action" under the APA, two requirements must be satisfied: "'First, the action must mark the consummation of the agency's decision making process-it must not be of a merely tentative or

---

[1] See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.")

interlocutory nature. And second, the action must be one by which rights or obligations have been determined or from which legal consequences will flow.'" Golden & Zimmerman, LLC v. Domenech, 599 F.3d 426, 432 (4th Cir. 2010) (quoting Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (internal quotation marks and citations omitted). See also, Franklin v. Massachusetts, 505 U.S. 788, 797 (1992) (stating "[t]he core question is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties").

Here, while Plaintiff provided evidence of dialogue between he and NETL, Plaintiff never filed an administrative grievance with the agency. Therefore, NETL has not been given the opportunity to review such a claim and there has been no "final agency action." As such, Plaintiff is not entitled to seek injunctive relief pursuant to 5 U.S.C. § 702.

## V. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that the United States' Motion to Dismiss (ECF. No. 6) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** and struck from the Court's docket.

Any party within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1). United States v. Schronce, 727 F.2d 91

(4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to forward a copy of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Respectfully submitted this 21st day of February 2018.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE